# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WILMA M. PENNINGTON-, THURMAN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:13CV0008 FRB |
| AT&T, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915.  Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff attempts to relitigate claims she brought in Pennington-Thurman v. AT&T, 4:09CV154 FRB (E.D. Mo.) ("AT&T I").  In AT&T I, plaintiff brought suit against AT&T alleging that it unlawfully terminated her employment on account of her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*. (ADEA).  In that case, the Court found that plaintiff and AT&T had entered into a Release and Agreement wherein plaintiff had agreed to release defendant and its subsidiaries of all liabilities relating to plaintiff's employment there.  Id. at ECF No. 23.  The Court found that the Release and Agreement was entered into knowingly and voluntarily and was enforceable.  Therefore, Court entered judgment as a matter

of law in favor of defendant.  Id.  The United States Court of Appeals for the Eighth Circuit affirmed.  Id. at ECF No. 29.

In the instant complaint, plaintiff attempts to revive the wrongful termination action by alleging that defendants violated the Older Workers Benefit Protection Act, 29 U.S.C. § 626, and the Internal Revenue Code.  Plaintiff's claims are wholly conclusory and seek only to attack the Release and Agreement upheld in AT&T I.

## Discussion

"[A]n issue may not be relitigated in a second lawsuit where that issue had previously been litigated in a prior lawsuit which involved the same cause of action.  Furthermore, issues which might have been raised in the first lawsuit may not be raised in a second lawsuit arising out of the same cause of action."  Robbins v. District Court of Worth County, Iowa, 592 F.2d 1015, 1017 (8th Cir. 1979).  The issues in the instant lawsuit either were or could have been litigated in AT&T I.  As a result, the instant case is barred by res judicata.

Moreover, plaintiff's claims are wholly conclusory and are not entitled to an assumption of truth.  As a result, they fail to state a plausible claim for relief under Twombly.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice under 28 U.S.C. § 1915(e).

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 8th day of January, 2013.

                                        /s/ John A. Ross
                                        JOHN A. ROSS
                                        UNITED STATES DISTRICT JUDGE